IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEITH TYRONE FUDGE,** | CV 95-5369-RGK |
| Petitioner, | **DEATH PENALTY CASE** |
| v. | **PROTECTIVE ORDER** |
| **RONALD DAVIS, WARDEN,** | |
| Respondent. | |

Pursuant to the parties' agreement to a proposed protective order consistent with the decision of the Ninth Circuit Court of Appeals in *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc), and good cause appearing for same, IT IS HEREBY ORDERED THAT:

All information that is subject to the attorney-client and/or work product privileges, including but not limited to materials in trial counsel's file, and the deposition transcript of trial counsel and/or Petitioner, which may be produced to Respondent in accordance with the limited waiver held in *Bittaker* to apply in the context of certain claims during discovery, including ineffective assistance of counsel, shall be subject to the following protection:

(1) Said materials may be used by Respondent for the sole purpose of litigating the instant federal habeas corpus case, and may not be used against Petitioner for any other purpose, specifically including any criminal retrial that might occur;

(2) Respondent shall not disclose any of the materials or their contents to any person or entity outside of the California Department of Justice, excluding any expert consultants/witnesses retained by a party for the express purpose of assisting in the resolution and adjudication of the claim or claims, the assertion of which compelled the limited waiver in the first place. Respondent shall not disclose any protected materials or their contents to any other person or entity, including law enforcement personnel not employed by the California Department of Justice, without the express permission of counsel for petitioner or an order from this Court, after notice to petitioner's counsel and an opportunity to be heard; and

(3) No material covered by the protective order need be filed under seal, and the courtroom need not be closed to the public for any portion of the evidentiary hearing. Further, any order from this Court that addresses material covered by the protective order need not be redacted or filed under seal. Such measures are unnecessary to protect Petitioner's rights, and will not be employed absent a demonstration by Petitioner that specifically identified information could be used to his detriment at a subsequent judicial proceeding, specifically including a criminal retrial. Should Petitioner make such a contention, he shall do so in writing, specifically indicating how the specific information could be used in a judicial proceeding to prejudice him on retrial or in another subsequent proceeding. Respondent shall have a chance to respond to any such claim, and the Court will then consider all relevant factors in determining what additional protection, if any, is warranted.

IT IS SO ORDERED.

DATED: _____April 11, 2016_____

_____
R. GARY KLAUSNER, U.S. DIST. JUDGE

1
2
3
4
5
6   /s/ *Gary Sowards*
7   BY: GARY SOWARDS
    Counsel for Petitioner Keith T. Fudge
8
9   /s/ *David C. Cook*
10  BY: DAVID C. COOK
    Counsel for Respondent Ronald Davis
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3