**MICHAEL N. FEUER,** City Attorney - SBN 111529
**CARLOS DE LA GUERRA,** Managing Assistant City Attorney – SBN 164046
**ANNETTE Y. LEE,** Supervising Deputy City Attorney – SBN 146783
**CHUNG H. CHO,** Deputy City Attorney – SBN 224709
201 North Los Angeles Street, L.A. Mall, Space #301
Los Angeles, CA 90012
Phone No.: (213) 978-2124
Fax No.:    (213) 978-2082
Email: angie.cho@lacity.org

Attorneys for Defendant **CITY OF LOS ANGELES**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH TYRONE FUDGE,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>RON DAVIS, Warden of California State Prison at San Quentin,<br><br>　　　　　　Respondent.<br><br>LOS ANGELES POLICE DEPARTMENT,<br><br>　　　　　　Real Party in Interest | CASE NO.: CV95-5369(RGK)<br><br>**STIPULATION FOR PROTECTIVE ORDER BETWEEN LOS ANGELES POLICE DEPARTMENT AND PETITIONER; RESPONDENT'S STIPULATION; [PROPOSED] ORDER** |

## INTRODUCTION

The Petitioner issued a subpoena under Federal Rule of Civil Procedure 45, dated July 25, 2016, to the Real Party in Interest, Los Angeles Police Department ("LAPD") for discovery of any and all Henthorn/Pitchess documents for Officers Wayne Joseph, Roosevelt Dufort, Julio Nunez, Douglas Collisson, Roger Magnuson, Aaron Martin and Donald Richards. On January 20, 2016, this Court previously ordered that any Pitchess/Henthorn documents subpoenaed from LAPD be returned to the Court for in camera review.

///

In response to Petitioner's subpoena, the Real Party in Interest will submit the confidential police personnel records of the named Officers directly to the Court for in camera review. The Real Party in Interest, however, requests that a Protective Order be issued for any Pitchess/Henthorn documents that are deemed discoverable after in camera review.

The Real Party in Interest has conferred with the Petitioner regarding the terms of the [Proposed] Protective Order that is submitted for the Court's approval.

## GOOD CAUSE STATEMENT

The Henthorn/Pitchess records Petitioner has requested are confidential police personnel records. The confidentiality of the Henthorn/Pitchess documents sought by Petitioner is recognized by California and federal law. *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976); California Penal Code § 832.7.

The Real Party in Interest believes that these documents need special protection from public disclosure and from use for any purpose other than prosecuting Petitioner's claim in this matter. In addition, Real Party in Interest believes that a protective order is necessary to avoid the risk of embarrassment, harassment and professional and legal harm on the part of the LAPD officers referenced in the documents.

## STIPULATIONS BETWEEN LAPD AND PETITIONER

The Real Party in Interest and the Petitioner enter into the following stipulations that constitute the terms of the [Proposed] Protective Order for any Henthorn/Pitchess documents that may be deemed discoverable by the Court after in camera review:

1. Any confidential Henthorn/Pitchess documents that are ordered to be produced to Petitioner's counsel by the Court, after the in camera review, shall

///

///

2

2. be used only in the litigation of this case[1] and, in particular, said confidential documents shall not be released to any other individual, entity, or agency that is not a party to this case without further order from the Court;

3. If Petitioner's counsel is ordered to release any Pitchess/Henthorn documents to the Respondent in this case, Petitioner's counsel shall give Real Party in Interest notice of said court order to give Real Party in Interest an opportunity to request a Protective Order that will be applicable to Respondent's use of said documents;

4. Counsel for Petitioner shall not release any confidential Henthorn/Pitchess documents it receives to the Petitioner in this case without a Court order;

5. Under no circumstances shall the confidential police personnel records, or the information contained therein, be retained, compiled, stored, used as a data base, or be disseminated, in any form, except for the purposes of this case in accordance with these Stipulations and [Proposed] Protective Order or by further order of this Court;

6. Use of the confidential police personnel documents and the information contained therein is limited to the authorized persons working for the Petitioner and the Court on this case exclusively;

7. In the event that any confidential police personnel records are used in any court proceeding in this action, the Petitioner's counsel shall take all reasonable steps to maintain its confidentiality during such use;

8. No more than thirty (30) calendar days after the end of litigation in the instant matter, Petitioner's counsel shall destroy all Henthorn/Pitchess documents

---

[1] Throughout this stipulation, the phrase "this case" refers to the instant case, *Fudge v. Davis*, United States District Court for the Central District of California Case No. 95-5369-RGK exclusively. The phrase "this case" does not refer to any state proceedings, including *People of the State of California v. Keith Tyrone Fudge*, Los Angeles County Superior Court Case No. A759252 and any associated state appellate proceedings.

3

that are deemed to be discoverable by the Court after in camera review and shall provide written notice of such destruction to the Real Party in Interest within 15 calendar days of destruction.

*IT IS SO STIPULATED:*

DATED: September 12, 2016          **HABEAS CORPUS RESOURCE CENTER**

By: ___/s/ Nisha K. Shah___
**NISHA K. SHAH**
*Attorney for Petitioner* **KEITH TYRONE FUDGE**

DATED: September 12, 2016          **LOS ANGELES CITY ATTORNEY'S OFFICE**

By: ___/s/ Chung H. Cho___
**CHUNG H. CHO**
*Attorney for Real Party in Interest*
**LOS ANGELES POLICE DEPARTMENT**

## RESPONDENT'S STIPULATION

Respondent has no objection to the proposed stipulated protective order between the Office of the City Attorney of Los Angeles and Petitioner. Respondent and the Office of the City Attorney of Los Angeles will submit a proposed protective order with respect to any Pitchess/Henthorn materials that are ordered disclosed to Respondent.

DATED: September 12, 2016                    **OFFICE OF THE ATTORNEY GENERAL**

By: ___/s/ David C. Cook___
**DAVID C. COOK**
*Attorney for Respondent* **RON DAVIS, WARDEN OF SAN QUENTIN STATE PRISON**

## [PROPOSED] ORDER

**IT IS SO ORDERED.**

DATED: SEP 30 2016

R. GARY KLAUSNER
United States District Court Judge

5